IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3070-FL

| | | |
|---|---|---|
| CARLOS DEON PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER MCLENDON, OFFICER | ) | |
| DAILY, OFFICER GOODE, and | ) | |
| OFFICER LEEKS, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| -- | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

This matter is before the court on defendants Officer McLendon, Officer Daily, and Officer Goode's motion to dismiss, which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 20).[2] The matter is also before the court on plaintiff's motion to proceed, (DE 26), and motion to be heard, (DE 29). For the reasons that follow, the court grants defendants' motion for summary judgment, dismisses plaintiff's claims without prejudice, and denies as moot plaintiff's motions.

---

[1] The court dismissed formerly-named defendant Superintendent, FCI Butner I by separate order entered May 2, 2019.

[2] The United States Attorney for the Eastern District of North Carolina argues Officer Leeks has not been properly served in this matter. (DE 21 at 1 n.1.; Storus Decl. ¶ 8-12; Ex. 2 (DE 22-2)). As explained below, the court dismisses plaintiff's claims for failure to exhaust. Thus, the court declines to resolve whether Officer Leeks's service of process was sufficient. Moreover, granting plaintiff an extension of time to effectuate service would be futile.

## STATEMENT OF THE CASE

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a complaint on March 18, 2019, asserting claims for violations of his civil rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges that defendants Officer McLendon ("McLendon"), Officer Daily ("Daily"), Officer Goode ("Goode"), and Officer Leeks ("Leeks") violated his First and Fifth Amendment rights because they denied him adequate recreation time and nutrition. As relief, plaintiff seeks monetary damages.

On May 2, 2019, the court conducted its frivolity review of the complaint and allowed the action to proceed. On August 12, 2019, defendants filed the instant motion to dismiss, supported by declaration of Mallory Storus, and plaintiff's administrative remedy records. On August 13, 2019, the court issued notice, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that it may construe the motion as one for summary judgment and provided plaintiff with instructions regarding how to respond to the motion. Plaintiff, however, failed to file a response. On October 29, 2019, the court entered an order directing plaintiff to show cause why this action should not be dismissed for failure to prosecute. On November 5, 2019, plaintiff filed a motion to proceed. On November 15, 2019, plaintiff responded to the show cause order. On February 11, 2020, plaintiff filed a motion to be heard. Plaintiff did not file any substantive response to defendants' motion to dismiss.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows. Plaintiff is a federal inmate housed at the Federal Medical Center in Rochester, Minnesota ("FMC-

Rochester"). [3] See Fed. Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/ [https://perma.cc/4MCY-VQDP]. Conduct alleged by plaintiff set forth in the complaint occurred while plaintiff was housed at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"). (Compl. (DE 1) § V). Plaintiff was housed at FCI-Butner from February 8, 2017, until December 21, 2017. (Storus Decl. (DE 22) ¶ 4)). Plaintiff alleges between September 17, 2017, until December 6, 2017, defendants denied him adequate recreation time and nutrition. (Compl. at 5-9).[4]

According to plaintiff, Federal Bureau of Prisons ("BOP") policy is that inmates are allowed one hour of recreation time and a shower. (Id. at 5, 7). On September 27, 2017, through September 29, 2017, defendant McLendon allegedly denied plaintiff recreation time and only allowed a shower. (Id.). On October 2, 2017, defendant Daily allegedly denied plaintiff recreation time and only allowed a shower. (Id.). On October 7, 2017, defendant McLendon allegedly denied plaintiff a food tray. (Id.). On October 16, 2017, through October 19, 2017, defendants Daily and McLendon allegedly denied plaintiff recreation time and only allowed a shower. (Id. at 5, 7-8).

Further, according to plaintiff, on October 31, 2017, through November 2, 2017, defendants McLendon and Leeks denied plaintiff a food tray. (Id. at 5, 8). On November 4, 2017, defendant allegedly gave plaintiff a food tray with mold on it. (Id.). On November 17, 2017, defendant Goode allegedly gave plaintiff a food tray with mold on it. (Id.). On November

---

[3]     The court directs the clerk to amend the docket to reflect plaintiff's current location at FMC-Rochester.

[4]     Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

26, 2017, defendant McLendon allegedly denied plaintiff a food tray. (Id.). On November 27, 2017, through November 29, 2017, defendant McLendon allegedly denied plaintiff recreation time and a shower. (Id.). On December 1, 2017, defendant McLendon allegedly denied plaintiff recreation time, a shower, and food tray. (Id.). On December 2, 2017, defendant McLendon allegedly denied plaintiff a food tray. (Id. at 5, 9). On December 3, 2017, defendant Lane allegedly gave plaintiff a food tray with mold on it. (Id.). Finally, on December 4, 2017, and December 6, 2017, defendant Leeks allegedly denied plaintiff a food tray. (Id.).

Plaintiff has filed three administrative remedy requests while incarcerated at the BOP. (Storus Decl. ¶ 5; Ex. 1 (DE 22-1)). On December 11, 2017, plaintiff filed an administrative remedy request to appeal a disciplinary proceeding. (Storus Decl. ¶ 6; Ex. 1 at 2). On February 28, 2019, plaintiff filed an administrative remedy request seeking a transfer to another correctional institution and requesting to stop being forcibly medicated. (Id.). On July 1, 2019, plaintiff filed an administrative remedy request seeking an FBI report and reporting an incident of sexual assault. (Id.). Plaintiff admits he has not exhausted his administrative remedies regarding his claims of inadequate recreation time and nutrition. (Compl. § VI).

**DISCUSSION**

A.    Standard of Review

Where defendants' motion to dismiss relies on matters outside the pleadings, the court construes the motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district

4

court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus,

judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.      Analysis

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

Administrative grievances must be exhausted before the inmate brings suit. Jones v. Bock, 549 U.S. 199, 202 (2007). However, the exhaustion timeline is adjusted when the inmate brings a supplemental claim under Federal Rule of Civil Procedure 15(d). Rule 15(d) permits litigants to file supplemental pleadings addressing claims that arise after the original complaint was filed. See Fed. R. Civ. P. 15(d). Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, courts generally have held that supplemental claims can be

exhausted during the pendency of the underlying litigation, provided the inmate exhausts all administrative remedies before filing the supplemental complaint. See, e.g., Jackson v. Fong, 870 F.3d 928, 934-35 (9th Cir. 2017); Barnes v. Briley, 420 F.3d 673, 678 (7th Cir. 2005); see also Mattox v. Edelman, 851 F.3d 583, 591-92 (6th Cir. 2017) (permitting inmate to exhaust administrative remedies for supplemental claims during the pendency of the underlying litigation only in the event that one of the claims in the original complaint was fully exhausted).

The BOP's administrative remedy procedure includes four steps. The inmate first must present the complaint to BOP staff and attempt informal resolution. See 28 C.F.R. § 542.13. In the event informal resolution is unsuccessful, the inmate must submit a formal written administrative remedy request on a BP-9 form directed to the warden. See 28 U.S.C. § 542.14. If dissatisfied with the warden's response, the inmate may appeal to the BOP's regional director, using the BP-10 form, and then to the BOP's general counsel, using a BP-11 form. See 28 U.S.C. § 542.15.

Here, plaintiff has not exhausted any administrative remedies related to his First and Fifth Amendment claims regarding inadequate recreational time and nutrition. (Compl. § VI; Storus Decl. ¶ 5-7; Ex. 1 at 2). Accordingly, the claims alleged in plaintiff's complaint clearly are unexhausted. See Jones, 549 U.S. at 202.

Plaintiff alleges he was unable to complete the grievance process because, "The staff didn't even submit it to the warden and it was not informally resolved and I was transferred to USP Victorville and then I got sent to Allenwood then to FMC Devens where I was not committed and when I refused to take medication I was locked down in SHU/segregation." (Compl. § VI). An inmate only is required to exhaust "available" administrative remedies. See 42 U.S.C. § 1997e(a);

Ross, 136 S. Ct. at 1858-60.   As relevant here, an administrative remedy process is unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."   Ross, 136 S. Ct. at 1860.

Even though plaintiff alleges staff at FCI-Butner refused to submit his grievance and he was transferred to several other institutions, he was ultimately allowed to file three administrative remedy requests after his alleged denial of adequate recreation time and nutrition.   (Storus Decl. ¶ 5-7; Ex. 1).   None of the three administrative remedy requests addressed plaintiff's claims regarding recreation time and nutrition.   (Id.).   Moreover, the first of the three administrative remedy requests was filed on December 11, 2017, less than a week after plaintiff's alleged denial of adequate recreation time and nutrition ended on December 6, 2017.   (Id.).    Plaintiff, therefore, was not prevented from accessing the BOP's administrative remedy procedure and had available opportunities to file a grievance with the BOP regarding his alleged denial of adequate recreation time and nutrition.   See Ross, 136 S. Ct. at 1860 (explaining administrative exhaustion is not "available" if prison officials "prevent" inmates' "use of otherwise proper procedures"); Moore, 517 F.3d at 725 ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); see also Hill v. O'Brien, 387 F. App'x 396, 400-01 (4th Cir. 2010) (holding genuine factual disputes precluded summary judgment on administrative exhaustion defense where BOP counselor failed to provide administrative remedy forms, destroyed others, or failed to respond to the plaintiff's grievances, and thereby prevented plaintiff from accessing the grievance procedure).

In sum, plaintiff failed to exhaust available administrative remedies.   Accordingly, the court dismisses without prejudice plaintiff's claims.   A dismissal without prejudice means

plaintiff can file a new action based on these claims after exhausting administrative remedies. Because plaintiff's claims are dismissed, the court denies as moot plaintiff's motions to proceed and be heard.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss, construed as a motion for summary judgment, (DE 20). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The court DENIES AS MOOT plaintiff's motions to proceed, (DE 26), and be heard (DE 29). The clerk is DIRECTED to amend the docket to reflect plaintiff's current location at FMC-Rochester, as set forth above in footnote four. Finally, the clerk is DIRECTD to close this case.

SO ORDERED, this the 27th day of March, 2020.


LOUISE W. FLANAGAN
United States District Judge